Robert BOWEN, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 08S02–1306–CR–423.

Supreme Court of Indiana.

Oct. 31, 2013.

Mark K. Leeman, Logansport, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

On Petition For Rehearing

PER CURIAM.

Bowen's sentencing order did not identify the reasons for the consecutive sentences that were imposed. We rejected the argument in Bowen's transfer petition that concurrent sentences were required, but we sustained his argument that a new sentencing order was and we remanded the case with instructions for preparation of a new sentencing order "without a hearing." *Bowen v. State,* 988 N.E.2d 1134 (Ind.2013). Bowen's rehearing petition notes that the judge who originally sentenced him is no longer on the bench and he argues that the current judge cannot clarify the original sentencing decision. Bowen again requests that the case be remanded with instructions for imposition of concurrent sentences. We again reject that request, but expand our remand instructions as follows:

On remand for a new sentencing order that responds to concerns raised by the Supreme Court, the trial court may discharge this responsibility by (1) issuing a new sentencing order without taking any further action, (2) ordering additional briefing on the sentencing issue and then issuing a new order without holding a new sentencing hearing, or (3) ordering a new sentencing hearing at which additional factual submissions are either allowed or disallowed and then issuing a new order based on the presentations of the parties.

*Taylor v. State,* 840 N.E.2d 324 (Ind.2006).

Accordingly, we grant rehearing for the limited purpose of modifying the remand instructions, and otherwise deny the rehearing petition.

All Justices concur.

F.D., G.D., and T.D. b/n/f J.D. and M.D.;
and J.D. and M.D., individually,
Appellants (Plaintiffs),